CINCINNATI BELL, INC. *v.* COOPER, D.B.A. COOPER CONSTRUCTION COMPANY.

(No. 84 CV 01927 — Decided June 17, 1985.)

Hamilton County Municipal Court.

*Rich, Pott, Wetherell, Foster & Miller* and *Orville J. Miller,* for plaintiff.

*Ralph A. Henderson,* for defendant.

BECKWITH, J. On September 20, 1982, defendant, Terry Cooper, d.b.a. Cooper Construction Co., while in the course of gutting a building in the "Over-the-Rhine" section of downtown Cincinnati, caused his employee to cut and discard a telephone cable. The cable was a feeder cable capable of serving fifty telephones. It was a live cable and was, in fact, serving three other buildings. All other utilities in the building where defendant was working had been disconnected. The building was vacant. Defendant made no inquiries of any public utility regarding the status of service in the building. Defendant assumed that there were no live utility cables or wires in the building. The low voltage needed for telephone cables prevented early notice of the active status of the cable, as well as a potential disaster. Complaints from Cincinnati Bell, Inc. customers concerning lack of service brought the matter to the attention of the telephone company and, subsequently, the defendant.

Plaintiff, Cincinnati Bell, Inc., now brings this action to collect the cost to repair the severed cable. Defendant raises two issues. First, that plaintiff was contributorily negligent in failing to notify defendant of the existence and location of its live cable. Second, that the cost of repair is not the correct measure of damages, but rather diminution of value should be the measure of damages.

The first argument may be dismissed out-of-hand upon several grounds. It has been well-settled that it is the contractor who digs (or guts buildings as in this case) who bears the risk of encountering utility cables and pipes if he proceeds without consulting potentially affected services. *Cincinnati & Sub. Bell Tel. Co.* v. *Cincinnati* (1949), 84 Ohio App. 521 [40 O.O. 14]; *Cincinnati & Sub. Bell Tel. Co.* v. *Eadler* (1944), 75 Ohio App. 258 [31 O.O. 18]; Section 333, Title 40, U.S. Code. Moreover this is a non-delegable duty, *Cincin-*

*nati, supra* (84 Ohio App. 521). Consequently, defendant's contention that the general contractor is responsible for contacting the utility company is without legal or factual foundation.

Defendant contends that plaintiff has failed to show that there is no readily ascertainable market value for the severed cable in order to establish cost of repairs as the alternative method of proof of damages. This argument is specious on several grounds. Initially, it is inaccurate to view this matter as one involving damage to property solely. It is, in fact, most importantly, a case involving disruption and loss of service. Therefore, the correct measure of damages is the cost of reestablishing service, *i.e.*, the cost of making plaintiff whole. The cases are numerous in upholding this position. See *Warren Tel. Co.* v. *Hakala* (1957), 105 Ohio App. 459 [6 O.O.2d 201]; *Cincinnati Bell, Inc.* v. *Hinterlong* (1981), 70 Ohio Misc. 38 [24 O.O.3d 52]; *Ohio Bell Tel. Co.* v. *Vaughn Bldg. Co. of Ohio* (Nov. 20, 1984), Franklin App. No. 83AP-1093, unreported; *Columbus & Southern Ohio Elec. Co.* v. *J.P. Sand & Gravel Co.* (1985), 22 Ohio App. 3d 98; *Allstate Ins. Co.* v. *Reep* (1982), 7 Ohio App. 3d 90; *Ohio Power Co.* v. *Johnston* (1968), 18 Ohio Misc. 55 [47 O.O.2d 93]; *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 [71 O.O.2d 174].

Defendant also assails the inclusion of indirect, overhead costs in plaintiff's damages. However, the evidence was more than sufficient to establish the plaintiff's employees' holiday, vacation and safety meeting time additions to costs, as well as supervisory time not charged on an hourly basis. *Hinterlong, supra,* at paragraph two of the syllabus.

As between the innocent public utility consumers and the defendant-tortfeasor, the indirect but reasonable and necessary costs of repairing the damage belong to the defendant. There is no reason defendant should not pay

the entire cost of repairing the damage, including an hourly rate for labor which reflects the indirect expenses of Cincinnati Bell. There was substantial, competent testimony that all charges were allocated in conformity with state and federal regulations, and standard accepted accounting procedures. *Hinterlong, supra,* at paragraph three of the syllabus; *Ohio Power Co.* v. *Zemelka* (1969), 19 Ohio App. 2d 213 [48 O.O.2d 353]; R.C. 4905.13. Furthermore, plaintiff's manager of disbursements testified that although the work involved a fair amount of overtime, no charge was made for those actually incurred expenses. Testimony showed no profit was added to the actual expenses shown. The total sum of actual expenses was $1,320.28 not including overtime charges.

The court concludes that plaintiff has shown by a preponderance of the evidence that it is entitled to recover $1,320.28, together with its court costs herein, from defendant, this sum being the reasonable cost of repairs which are the natural, probable, and indeed actual, proved cost of making plaintiff whole.

*Judgment for plaintiff.*