GTE NORTH INCORPORATED, Appellant,

v.

CARR, d.b.a. Carr Excavating & Trucking, Appellee.

[Cite as *GTE North, Inc. v. Carr* (1993), 84 Ohio App.3d 776.]

Court of Appeals of Ohio,
Athens County.

No. 92 CA 1515.

Decided Feb. 16, 1993.

---

*Joseph R. Stewart,* for appellant.

*Joseph B. Yanity, Jr.,* for appellee.

Stephenson, Judge.

This is an appeal from a judgment entered by the Municipal Court of Athens County, following a bench trial, against GTE North Incorporated, plaintiff below and appellant herein, on its claims against Larry Carr, d.b.a. Carr Excavating & Trucking, defendant below and appellee herein. Appellant assigns the following errors for our review:

"1. The trial court erred in failing to find that defendant Larry Carr was negligent as a matter of law in failing to obtain any information regarding the location of the underground telephone cables that he severed.

"2. The trial court erred in failing to find that defendant Larry Carr was liable because he committed a trespass which resulted in damage to GTE North's underground telephone cables."

The record reveals the following facts pertinent to this appeal. On or about February 13, 1989, appellee was retained by Ronald Jewell, maintenance engineer for the Alexander School District, to repair a broken underground water line on the premises of the Alexander High School in Athens County, Ohio. Appellee arrived at the school with a backhoe. Despite the presence of cable warning signs, appellee commenced immediate excavation pursuant to instructions given by Jewell. Appellee punctured a gas line while digging the first hole and, while digging the second, severed a fiber optic communications cable owned by appellant.

On May 22, 1990, appellant commenced the action below, alleging that its property had been damaged by either negligence or trespass and that it was entitled to compensatory damages in the amount of $6,273.02 for repair to the fiber optic cable. Appellee filed both an answer denying all liability and a third-party complaint seeking indemnity from the Alexander Local School District (hereinafter referred to as "ALSD") for any amount by which he would be held liable to appellant. ALSD denied any third-party liability and, eventually, a summary judgment was granted in its favor. On August 5, 1991, the matter proceeded to a bench trial. The court entered its judgment for appellee on December 24, 1991, and this appeal followed.[1]

---

1. Pursuant to an earlier pretrial judgment entry, the issues of liability and damages in this case were bifurcated so that only the issue of negligence came on for trial on August 5, 1991. Ordinarily, a judgment which determines the issue of liability but defers the issue of damages for further adjudication is not a final order for purposes of R.C. 2505.02 such that we would not have jurisdiction to consider the matter pursuant to R.C. 2501.02. See *McCoy v. Hines* (Oct. 16, 1990), Adams App. Nos. 495 and 497, unreported, at 6, 1990 WL 155771; *Cherry v. Leesburg* (Jan. 31, 1990), Highland App. No. 728, unreported, at 4, 1990 WL 9948. However, in the cause *sub judice*, it was determined that there was no liability and, obviously, there was

■ In its first assignment of error, appellant argues that the lower court erred in not finding that appellee's actions were negligent as a matter of law. We agree. Liability for negligence in Ohio is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 161, 497 N.E.2d 1118, 1120; *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 127, 47 O.O.2d 282, 283, 247 N.E.2d 732, 733. Thus, in order to establish actionable negligence, the injured party must demonstrate the existence of a duty, the breach of that duty and an injury resulting proximately therefrom. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; *Fieldman v. Howard* (1967), 10 Ohio St.2d 189, 193, 39 O.O.2d 228, 230, 226 N.E.2d 564, 566; *Baier v. Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 391, 8 O.O. 208, 209, 8 N.E.2d 1, 2. These criteria were clearly satisfied in the cause *sub judice*.

■ There is a positive nondelegable duty imposed on one excavating below ground to inform himself as to whether telephone cables are there so he can avoid damaging them. See 74 American Jurisprudence 2d (1974) 339, Telecommunications, Section 144; see, also, 88 Ohio Jurisprudence 3d (1989) 241, Telecommunications, Section 144. Appellee was conducting this excavation at the Alexander High School and, therefore, the duty fell upon him to ascertain whether there were any phone cables beneath the area where he sought to dig. By his own admission, appellee breached this duty. Testimony given at trial reveals that appellee "assumed" the school board had already contacted the telephone company to ascertain the location of any underground cable. Appellee also testified that Jewell had assured him that there were no further "utilities to be concerned with except the water and the gas line." As indicated by the following testimony, appellee was cognizant of nearby phone cable warning "pedestals" but did not believe that they affected the immediate area on which he sought to dig:

"Q. Now you say that on that day that the cable was cut that you looked at the pedestals?

"A. Yes.

"Q. Did you read the warning signs on the pedestals that day or do you just in general know what they say?

"A. Yeah, I read them. It was just right you know straight almost in line before we dug that. I'm well aware of what he's saying. I looked at it that day.

"Q. And, the warning signs state that one should call before digging?

---

no further action to be taken on the issue of damages. The judgment therefore terminated the action and the case is properly before us at this time.

"A. In this vicinity. There's a cable buried. Call before digging. It says in this vicinity. *So, now, I don't know who distinguishes how big an area vicinity is?*" (Emphasis added.)

As aforesaid, anyone excavating underground must determine whether there are any phone cables beneath the area he seeks to dig so that he may avoid damaging them. This is particularly true where one is already on notice that underground cables are in the "vicinity." One should not guess, speculate or make judgment calls as to whether an underground cable in the vicinity affects the immediate area sought to be excavated. There is an affirmative duty to ascertain the location of underground cables and one who fails to execute this duty proceeds at one's own risk.

Thus, appellee breached the duty to inform himself whether there were any underground cables at the location he sought to excavate. The evidence in the record clearly indicates that this failure to act was the proximate cause of the fiber optic cable being severed and the injury being sustained by appellant. These factors satisfy the requisite elements of actionable negligence and, accordingly, the first assignment of error is sustained.

Appellee counterargues that a judgment should not be reversed where there is some evidence to support it or where the trier of fact determines that the evidence of one party is superior to that of another. As abstract propositions of law, we agree.[2] However, that is not the issue in the cause *sub judice*. This is not a case where there was conflicting evidence as to whether appellee breached a duty to act. This is not even a case where appellant presented uncontroverted evidence that appellee breached a duty to act.[3] Rather, this is a case where appellee himself conceded the breach of a duty to act. Under these circumstances, we have no choice but to conclude that the trial court erroneously applied the law to the facts in this case.

Appellee also argues that "[a]ppellant was so contributorily and comparatively negligent in placing the cable so far out of [its] easement that the trial court properly awarded judgment to [a]ppellee." This too is without merit. Our review of the record indicates that the only evidence going to this precise issue

---

2. Judgments supported by some competent credible evidence going to all the elements of the case will not be reversed as against the manifest weight of the evidence, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at the syllabus, and the trial judge—as trier of fact—is in a better position than this court to weigh witness credibility. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276.

3. The mere fact that proffered evidence is uncontroverted does not, *ipso facto*, require the trier of fact to accept an argument advanced by a particular party. See *State v. Caldwell* (1992), 79 Ohio App.3d 667, 680, 607 N.E.2d 1096, 1105.

was given by John Branner, a professional land surveyor, who examined a survey plat and other official records affecting the premises and opined that the fiber optic cable was within the bounds of appellant's easement. Testimony by Danny Kerns, a professional plumber, and testimony given by appellee was that the excavation occurred approximately twenty-five feet from the location of the phone cable warning pedestals. It is not at all clear to us the bearing which this would have on the easement or the location of the fiber optic cable relative to that easement. In any event, appellee cites no *express* expert testimony to the effect that the cable was outside the easement and we have not found any in our own review. We are, therefore, not persuaded that the trial court could have made such a finding.

Even assuming *arguendo* that the cable was outside the easement, it remains unclear whether this would relieve appellee of any liability. There is no indication in his testimony at trial that appellee was aware of, relied upon, or even plotted the course of the easement prior to commencing excavation. To the contrary, the record suggests that appellee relied to a great extent on the location of the phone cable warning pedestals.

In light of the duty imposed on one excavating underground, a phone company cannot be held contributorily negligent for failing to give warning of the existence or location of its subterranean cable. See 88 Ohio Jurisprudence 3d (1989) 241, Telecommunications, Section 144. It follows that when the phone company takes the affirmative step of placing a warning sign that an underground cable is in the vicinity, it should not be held contributorily negligent merely because the cable was twenty-five feet from the sign. This would deter any additional safety and warning measures altogether. Appellee has cited no authority which applies contributory or comparative negligence theories in these instances and we are not aware of any. Consequently, we reject the argument.

Having sustained appellant's first assignment of error, those issues involved in its second assignment of error are now moot and may be disregarded pursuant to App.R. 12(A)(1)(c). The judgment of the lower court is reversed, judgment is entered in favor of appellant pursuant to App.R. 12(B), and this cause is remanded for further proceedings to determine damages.

*Judgment reversed*
*and entered in favor of appellant,*
*and cause remanded for further proceedings.*

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.