**OHIO EDISON COMPANY, Appellant,**

v.

**WARTKO CONSTRUCTION, Appellee.**

[Cite as *Ohio Edison Co. v. Wartko Constr.* (1995), 103 Ohio App.3d 177.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0075.

Decided May 1, 1995.

178

*Guy, Lammert & Towne* and *Thomas E. Lammert,* for appellant.

*Judsen J. Hawkins,* for appellee.

NADER, Judge.

This is an accelerated appeal from a judgment entered in the Portage County Municipal Court, Kent Division.

Appellant, Ohio Edison Company, filed a complaint on October 12, 1993, seeking compensation for damage to electronic distribution equipment owned by appellant and alleged to have been negligently damaged during underground excavation activities conducted by appellee, Wartko Construction. The complaint set forth three counts relating to three separate excavations. Following a bench

trial, the court entered judgment for appellee on the first two counts and for appellant on the third.

Appellant advances one assignment of error on appeal:

"The judgment of the trial court on Count One of plaintiff's complaint is against the manifest weight of the evidence and contrary to law."

Thus, appellant has not alleged error with respect to the trial court's judgment on Count Two of the complaint.

Prior to trial, appellee stipulated to the amount of damages set forth in the complaint. Counsel for appellee further agreed to the following limitation of issues for trial:

"I have no reason to doubt that this is the figures [sic] necessary to repair the damaged cable nor do I disagree that the cable was damaged. With us, it's really a question of notification and markings."

The trial court expressed its understanding that "the amount of money is not at issue, but whether or not there is liability based on the issue of notice mostly." The parties also stipulated to the admission of the exhibits, which consisted of the parties' business records.

The first count of the complaint involves an excavation occurring at Stafford and Tallwood Drive in Tallmadge, Ohio. The facts relating to this count are not generally in dispute.

Appellee called and informed appellant, on April 24 or 25, 1991, that it planned to excavate the Stafford and Tallwood site on April 29, 1991. The damage occurred over forty days later on June 11, 1991, when the excavation actually commenced. The stipulated damages were $1,465.41.

Appellant's records indicate that one of its employees, Fred Smith, was dispatched to the excavation site to mark the location of the underground utility equipment. The records also contain a written confirmation from Smith that the site was marked on April 28, 1991.

When the excavation began on June 11, 1991, no markings were found. Appellee proceeded with the excavation and the underground utility equipment was damaged as a consequence of appellee's activities.

Doris Wartko testified that it is the general practice of appellee to make "call-backs" to a utility company such as appellant when excavation does not commence within ten days of the previously announced date. She further testified that appellee keeps a record book of any "call-backs." However, this record book was not made available at trial. Mrs. Wartko did not have any independent recollection that appellant was contacted after the first notice. Appellant's records reflect only the one notification.

The trial court found that appellant had failed to prove by a preponderance of the evidence either that appellee had failed to make a spotting request for the proper location or had excavated in a location that was not marked by appellant. The judgment entry states that the markings might have disappeared between April 28 and June 11, or the wrong location may have been marked.

We conclude that the trial court improperly placed the burden on appellant to prove matters which had to be proven by appellee in order to establish an affirmative defense.

▉▉▉▉ Ohio common law imposes an affirmative nondelegable duty on one excavating below the ground to ascertain the location of underground utility equipment so that damage to the equipment may be avoided. *GTE North, Inc. v. Carr* (1993), 84 Ohio App.3d 776, 618 N.E.2d 249; *Cincinnati Bell, Inc. v. Cooper* (1985), 23 Ohio Misc.2d 9, 23 OBR 118, 491 N.E.2d 411. An excavator who fails to discharge this duty proceeds at its own risk. *GTE North; Cincinnati Bell.*

▉▉▉▉ Appellant produced sufficient evidence to show that its property was damaged as a result of appellee's breach of this common-law duty. The evidence indicates that on June 11, 1991, appellee began to excavate the Stafford and Tallwood site despite the absence of markings and even though it was known that underground utility equipment was present at the site. It is uncontested that the damage occurred during this excavation.

▉▉▉▉ R.C. 3781.28(B) imposed a specific duty upon appellee to notify appellant of the excavation "at least forty-eight hours but not more than ten days before commencing excavation." Compliance with this statute by timely notification would have fulfilled appellee's duty to inform itself of the location of any underground utility equipment. See R.C. 3781.29(A)(1). Cf. *United Tel. Co. of Ohio v. C.J. Mahan Constr. Co.* (1989), 63 Ohio App.3d 437, 579 N.E.2d 250 (construing R.C. 153.64). As new matter requiring submission of additional facts, appellee was required to raise this defense in its answer and prove compliance by a preponderance of the evidence.

▉▉▉▉ Appellee failed to plead this defense in its answer and failed to prove *timely* notification at trial. It has been stated previously that the evidence reveals that only one notification was made, more than forty days prior to the actual commencement of excavation. This notification was untimely under R.C. 3781.28(B). Recognition that temporary markings may be removed or destroyed over time is reflected by the ten-day requirement of this statutory provision. See, also, R.C. 3781.31(B).

As a matter of law, appellee negligently damaged appellant's property at the Stafford and Tallwood excavation site on June 11, 1991. Appellant's assignment of error has merit.

The judgment of the trial court is reversed as to Count One of the complaint, and the cause is remanded to the trial court for entry of judgment consistent with this opinion.

*Judgment accordingly.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.