DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment in favor of JH Reinforcing Structural Erectors, Inc., defendant below and appellee herein, on the claims against it by GTE Telephone Operations, plaintiff below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND DEFENDANT/APPELLEE NEGLIGENT, AND, THEREFORE, LIABLE FOR DAMAGES, FOR FAILING TO NOTIFY THE OHIO UTILITIES PROTECTION SERVICE, AS REQUIRED BY O.R.C. SECTION 3781.28-3781.30."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S DECISION, AS A MATTER OF LAW, IS IN ERROR."
A brief summary of facts pertinent to this appeal is as follows. The Ohio Department of Transportation (ODOT) retained appellee to work on a bridge reconstruction project in Sciotoville. As part of that project, appellee was to remove a sidewalk. Appellee's employees began to cut a concrete sidewalk with a saw when they sliced into a conduit that contained appellant's phone cables.
Appellant commenced the action below on April 12, 2000, and alleged that appellee was liable for damage to its cables. Appellant asked for $31,392.47 in compensation. Appellee denied liability. The matter came on for a bench trial on August 29, 2001.
No question exists whether appellee cut into the conduit and damaged the phone cables. The central issue at trial was whether appellee and its employees behaved prudently in the process. To that end, considerable evidence was adduced to show that a "preconstruction meeting" occurred between appellee and various utility representatives. Eric McLaughlin, an ODOT engineer and appellee's employer on the project, testified that the purpose of the preconstruction meeting was to locate utility lines before work began. McLaughlin further related that they were informed that the phone lines ran beneath, not "in," the sidewalk. Because the construction plans only called for the removal of the sidewalk, without any excavation of the ground underneath, appellee's employees were not concerned about the possibility of phone line damage. Don Hadsell, appellee's owner, and project supervisor Jeff Clevenger, corroborated this story. Both witnesses testified that a Randy Chamberlin from the "phone company" had told them, before work began, that the cables were positioned underneath the sidewalk. In particular, Hadsell, related that Chamberlin told him that he could remove the sidewalk and that he would have no problems with the cables as long as he did not dig underneath the sidewalk.
As it turned out, the phone cables were buried or embedded inside the four inch (4") concrete sidewalk. McLaughlin testified that he had never seen cables embedded in a sidewalk. Indeed, Chamberlin, who previously worked for appellant, testified that the company typically buried cables thirty inches (30") under ground and did not embed cables in sidewalks.[1] As for the preconstruction meeting, Chamberlin testified that he could not recall telling appellee that he could remove the sidewalk. By the same token, however, he also could not definitively say that he did not approve the sidewalk's removal.
At the conclusion of trial the court found in appellee's favor. The Court explained that appellee acted both "diligently" and "reasonably" in removing the sidewalk. Further, the Court found it credible that phone company representatives told appellee that it could remove the sidewalk as long as it did not dig underneath the sidewalk. The trial court filed its judgment on August 31, 2001. This appeal followed.
We jointly consider appellant's two assignments of error because they raise similar arguments. Our analysis begins from the premise that "[t]here is a positive nondelegable duty imposed on one excavating below ground to inform himself as to whether telephone cables are there so he can avoid damaging them." GTE North, Inc. v. Carr (1993),84 Ohio App.3d 776, 779, 618 N.E.2d 249. The failure to discharge that duty results in an excavator proceeding at his own risk for liability for cable damage. Id. at 780.
Trial court judgments are generally affirmed if they are supported by some competent and credible evidence. See Shemo v. Mayfield Hts.,88 Ohio St.3d 7, 10, 2000-Ohio-258, 722 N.E.2d 1018; Vogel v. Wells
(1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; also see LivingWaters Fellowship, Inc. v. Ross, Scioto App. No. 00CA2714, 2000-Ohio-1973; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20. Moreover, determinations as to the weight of the evidence and the credibility of witnesses were issues for the trial court as trier of fact. See Cole v. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,777-778, 696 N.E.2d 289; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650; also see generally State v. Frazier (1995), 73 Ohio St.3d 323,339, 1995-Ohio-235, 652 N.E.2d 1000; State v. DeHass (1968),10 Ohio St.2d 230, 277 N.E.2d 212, at paragraph one of the syllabus. A trier of fact is free to believe all, part or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998),124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B. F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; also see State v.Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston
(1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
After our review of the record in the case sub judice, we conclude that ample evidence supports the trial court's judgment for appellee. Considerable evidence was adduced at the trial below to show that appellee had a "preconstruction meeting" with utility companies in order to pinpoint the underground line location. Moreover, several witnesses, including a representative from ODOT, testified that they were told that appellant's phone lines were buried beneath the sidewalk. Hadsell testified that Chamberlin, a phone company representative, told him that he would be in "good shape" to remove the sidewalk as long as they did not dig underneath the sidewalk. The trial court expressly found this evidence to be credible and held that it was sufficient to show that appellee did not breach its duty to locate the underground cables and that appellee was not liable for damages. We find no error.
Appellant counter argues to the effect that, although appellee may have satisfied its common law duty to inform itself of the location of the phone cables, appellee nevertheless breached a statutory duty and is therefore liable. Specifically, appellant cites to R.C. 3781.28(A) which states in pertinent part:
"Except as otherwise provided in divisions (C), (D), (E), and (F) of this section, at least forty-eight hours but not more than ten days before commencing excavation, the excavator shall notify the protectionservice of the location of the excavation site and the date on whichexcavation is planned to commence." (Emphasis added.)
The evidence was uncontroverted that appellee did not notify the Ohio Utility Protection Service (OUPS) as required by R.C. 3781.28(A). Thus, appellant concludes, appellee must be held liable for damages to the phone cables. We are not persuaded.We find nothing in the statute's language that creates a cause of action if an excavator fails to notify OUPS. Appellant cites no authority that the statute has ever been construed in that manner and we have found nothing to that effect in our own research. To the contrary, several courts have interpreted this statute as simply one way to fulfill the excavator's common law duty to ascertain the location of the cables. See e.g. Ohio Edison Co. v. Wartko Constr. (1995), 103 Ohio App.3d 177, 180, 658 N.E.2d 1118; East Ohio Gas Co. v.Kenmore Constr. Co., Inc. (Mar. 28, 2001), Summit App. Nos. 19567 
19790. We agree with that interpretation. Even if appellee did not expressly notify OUPS of its planned work, appellee did conduct a "preconstruction meeting" with utility representatives in order to ascertain the utility line locations. Appellee also received assurances from appellant's own employee that the cables were located underneath the sidewalk, rather than embedded inside the sidewalk. Appellee clearly met the spirit of the statute if not the exact letter. Moreover, it is not exactly clear to us how the result in this case would have been different if appellee had contacted OUPS. If appellant's own records indicated that the phone cables were underneath the sidewalk rather than embedded in the sidewalk, we fail to see how an OUPS notification would have provided more accurate information concerning the utility line location. Thus, we fully agree with the trial court's conclusion to not hold appellee liable on a mere technical failure when, even if it had followed the technical legal requirements of R.C. 3781.28(A), the result would have been the same.
In sum, we agree with the trial court that appellee met its duty to ascertain the location of the utility cables. The fault, if any, for this mishap lies either with the phone company or the party/parties who originally installed the phone cables inside the cement sidewalk.
For these reasons, the assignments of error are found to be without merit and are hereby overruled. We affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The witness also testified, however, that he did not know what the company's policy was at the time the phone cables were first installed.