OPINION
{¶ 1} This is an appeal from a judgment entered by the Geauga County Court of Common Pleas, following a bench trial, against The Illuminating Company, appellant, on its claims against Mr. Larry Podojil, appellee.
 {¶ 2} Appellant commenced this action on April 17, 2006, filing a two-count complaint against appellee and Chester Township. Count one of the complaint has been satisfied and is not at issue in the instant appeal. Count two, the subject of this appeal, alleges that appellee, working either independently or as an agent of *Page 2 
Chesterland Township Road Department, negligently damaged appellant's property during underground excavation located at 11946 Sandgate Drive. Appellant sought damages in the amount of $2,108.09.
 {¶ 3} After appellee and Chester Township filed an answer denying the allegations, discovery ensued. Prior to trial, appellant dismissed Chester Township with regard to both counts. Chester Township was not involved with respect to count one and sufficient evidence was presented at trial that appellee was acting as an independent contractor for Chester Township with respect to count two. The trial court held a bench trial on May 30, 2007.
 {¶ 4} At trial, it was established that Chester Township notified the Ohio Utilities Protection Service ("OUPS") about the planned excavation project on May 5, 2005. OUPS located the underground wires and marked them accordingly. On May 25, 2005, appellee began excavating at the Sandgate location to replace a culvert. No question exists whether appellee struck the underground lines at the Sandgate excavation site and caused the damage.
 {¶ 5} At the conclusion of trial, the court entered an order in favor of appellant on count one. With respect to count two, the trial court, in its judgment entry dated June 6, 2007, stated: "[t]he credible evidence is that the location marks placed by `OUPS' (or by those in its employ) were wrong and that defendant [appellee] was not negligent." Appellant filed a timely notice of appeal and asserts the following assignment of error:
 {¶ 6} "Whether the trial court erred in its application of O.R.C.3781.25 et seq., in light of the evidence presented at trial." *Page 3 
 {¶ 7} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 8} An excavator must ascertain whether utility lines exist below ground so damage to them may be avoided. GTE North, Inc. v. Carr (1993),84 Ohio App.3d 776, 779. This duty imposed upon an excavator is an affirmative, nondelegable duty. Id. If an excavator fails to discharge this duty, he proceeds at his own risk, potentially incurring liability for damage to the utility lines. Northeast Ohio Natural Gas Corp. v.Stout Excavating, 156 Ohio App.3d 144, 2004-Ohio-600, at ¶ 7. (Citations omitted.) An excavator may discharge this duty if he complies with R.C.3781.28(A), which states, in pertinent part:
 {¶ 9} "Except as otherwise provided in divisions (C), (D), (E), and (F) of this section, at least forty-eight hours but not more than ten days before commencing excavation, the excavator shall notify the protection service of the location of the excavation site and the date on which excavation is planned to commence."
 {¶ 10} An excavator, as defined in R.C. 3781.25(J), is "the contractor or other person who is responsible for making the excavation." Further, excavation means "the use of tools, powered equipment, or explosives to move earth, rock, or other materials in order to penetrate or bore or drill into the earth, or to demolish any structure whether or not it is intended that the demolition will disturb the earth." R.C. 3781.25(H).
 {¶ 11} "Days," as defined in R.C. 3781.25(E), "excludes Saturdays, Sundays, and legal holidays as defined in Section 1.14 of the Revised Code." *Page 4 
 {¶ 12} In the case sub judice, Chester Township hired appellee to perform the excavation for the Sandgate project using his own equipment. Chester Township did not participate in the excavation but performed the clean-up work after the project was complete. Therefore, since appellee was excavating underground, he was responsible for contacting OUPS to determine whether any underground utility lines were present beneath the area he sought to dig so that he might avoid damaging them.
 {¶ 13} Although the trial testimony reveals appellee was unaware of any statutory requirement mandating him to contact OUPS before excavating, the evidence demonstrates notification was made to OUPS by Chester Township on May 4, 2005, and excavation took place on May 25, 2005. Therefore, pursuant to R.C. 3781.25(E), approximately 14 days are at issue, not 21 days as appellant asserts.
 {¶ 14} Appellant argues that although the site was marked, appellee assumed the risk when he excavated the area outside the ten-day requirement as mandated by R.C. 3781.28. In rendering its decision, the trial court stated, "[t]he credible evidence is that the location marks placed by `OUPS' (or by those in its employ) were wrong and that defendant was not negligent." After a review of the record, we conclude the trial court's decision was supported by competent, credible evidence. At trial, Mr. Brew, a supervisor advanced distribution specialist at First Energy, testified that although he was unable to ascertain whether the duct work was inside the markings since the site had been disturbed, markings did exist at the excavation site. Another witness, Mr. Mascella, a road superintendent of Chester Township, testified that he observed the markings after they had been placed but prior to the excavation. Further, Mascella testified that he observed the markings, a combination of paint and flags, at the time the *Page 5 
project commenced and they had not deteriorated nor had they been washed away. Mascella also stated that while one should not excavate three feet from the markings, appellee, at the time the damage occurred, was excavating approximately ten feet from the markings — a safety zone. Therefore, Mascella stated he was surprised the damage occurred and, in his opinion, appellee did nothing wrong in performing the excavation at said location.
 {¶ 15} Additionally, appellant argues appellee failed to discharge his nondelegable duty to inform himself with the location of the underground utility lines. In GTE Tel. Operations v. J H Reinforcing Structural, 4th Dist. No. 01CA2808, 2002-Ohio-2553, the Fourth District Court of Appeals stated:
 {¶ 16} "We find nothing in the statute's language that creates a cause of action if an excavator fails to notify OUPS. Appellant cites no authority that the statute has ever been construed in that manner and we have found nothing to that effect in our own research. To the contrary, several courts have interpreted this statute as simply one way to fulfill the excavator's common law duty to ascertain the location of the cables. See e.g. Ohio Edison Co. v. Wartko Constr. (1995),103 Ohio App.3d 177, 180, 658 N.E.2d 1118; East Ohio Gas Co. v. Kenmore Constr.Co., Inc. (Mar. 28, 2001), 2001 Ohio App. LEXIS 144, Summit App. Nos. 19567 19790." Id. at ¶ 14.
 {¶ 17} The Fourth District determined that although the excavator did not inform OUPS of its planned work and meet the exact letter of the statute, he "clearly met the spirit of the statute if not the exact letter." Id. at ¶ 14.
 {¶ 18} In GTE Tel. Operations v. J H Reinforcing Structural, the excavator conducted a "preconstruction meeting" with utility companies in order to ascertain the *Page 6 
location of underground lines. Id. at ¶ 11. The excavator also received affirmation from a phone company representative that he could excavate the sidewalk, as long as he did not excavate underneath the sidewalk since the lines were located underneath, rather than embedded inside the sidewalk. Id. Yet, when the excavator began his excavation of the sidewalk, he damaged lines which were encased in the cement. In rendering its decision, the Fourth District stated, "we fully agree with the trial court's conclusion to not hold appellee liable on a mere technical failure when, even if it had followed the technical legal requirements of R.C. 3781.28(A), the result would have been the same." Id. at ¶ 14.
 {¶ 19} While in the instant case appellee failed to strictly comply with R.C. 3781.28(A), the excavation site had been marked with a combination of paint and flags. Moreover, the testimony at trial revealed that appellee excavated well beyond the markings — an area considered to be a safety zone. Therefore, even if appellee would have personally contacted OUPS as mandated by R.C. 3781.28(A), the result would have been the same.
 {¶ 20} Thus, after our review of the record in this case, we conclude the trial court's judgment was supported by competent, credible evidence. Therefore, appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1