[Cite as *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CLEVELAND ELECTRIC
ILLUMINATING COMPANY,  :

    Plaintiff-Appellee,  :

                          No. 109144

    v.  :

CITY OF CLEVELAND,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  September 17, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904996

---

### *Appearances:*

Weltman, Weinberg & Reis Co., L.P.A., and Amanda
Rasbach Yurechko, *for appellee*.

Barbara A. Langhenry, Cleveland Director of Law, and
Craig J. Morice, Assistant Director of Law, *for appellant*.

---

MARY J. BOYLE, P.J.:

{¶ 1}  Defendant-appellant, city of Cleveland ("city"), appeals the trial court's denial of its motion for summary judgment.  It raises one assignment of error for our review:

The trial court erred by denying the City of Cleveland's Motion for Summary Judgment on the basis of statutory immunity and finding that Cleveland Electric Illuminating properly set forth specific facts showing that there is a genuine issue for trial.

{¶ 2} Finding no merit to the city's assignment of error, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3} In October 2018, plaintiff-appellee, Cleveland Electric Illuminating Company ("CEI"), filed a complaint against the city for negligence. CEI alleged that on November 8, 2017, the city operated equipment near 10531 Bryant Avenue "to perform excavation without informing itself of the location of [CEI's] utilities or, in the alternative, negligently excavated despite notice of [CEI's] lines." CEI claimed that the city's negligent excavation proximately caused damage to CEI's property in the amount of $38,061.85. In its answer, the city admitted that it operated equipment near 10531 Bryant Avenue on November 8, 2017, but it otherwise denied CEI's allegations.

{¶ 4} In July 2019, the city filed a motion for summary judgment, arguing that as a political subdivision, it is immune from CEI's negligence claim. The city supported its motion with an affidavit of a city employee, Mark Pottinger. Pottinger averred that at 1:30 a.m. on November 8, 2017, he led a crew of the city's Division of Water to repair a leaking water main at 10531 Bryant Avenue. The crew excavated a four-feet-by-four-feet hole in the tree lawn using shovels and located the city's connection box. Pottinger observed that the "connection box was cemented against a concrete electric duct due to over-poured cement." The crew used their shovels to

"chip away" at the over-poured cement to remove the connection box. As the crew worked, standing water began to rise in the hole, and Pottinger directed the crew to leave the hole. The water level in the hole continued to rise, and within ten minutes, "water entered the concrete electric duct and the electric line blew." After the "electric line blew," Pottinger contacted his dispatcher to determine whether the duct belonged to CEI or the city, and his dispatcher told him that the duct belonged to CEI. Pottinger averred that "[a]t no point did I or any of my crew physically strike or penetrate any underground electric line or duct" during the excavation.

{¶ 5} CEI filed an opposition to the city's motion for summary judgment, arguing that an exception to immunity applied because the city negligently performed a proprietary function. CEI supported its motion with a Damage Claim Report and an affidavit of Daniel Tanno, a supervisor with the CEI Underground Line Department. Tanno averred that he had been employed with CEI for 25 years and had worked with the Underground Line Department since 2004, where he daily inspected damage to CEI's underground cable system and determined the cause of that damage. His affidavit states that CEI's underground cables ordinarily do not fault when in contact with water unless the protective sleeve on the cable is damaged. He averred that in his experience, hand digging with a shovel can damage the protective sleeve.

{¶ 6} Tanno's affidavit states that on November 8, 2017, he and a CEI crew responded to reports of power outages near 10531 Bryant Avenue. He observed the damage to the duct and cable at that location and averred that "[t]he cap on the duct

had been chipped away, and the concrete duct broken away from the now exposed cable." He further observed that the protective sleeve over the electrical cable had been damaged, which allowed water to reach the conductor and cause the short. He averred that the duct required repair and that the cable that faulted needed to be replaced. The Damage Claim Report, which Tanno had completed on November 8, 2017, states that the city "apparently damaged duct & hit cable."

{¶ 7} In August 2019, the city simultaneously filed a reply in support of its motion for summary judgment and a motion to strike Tanno's affidavit pursuant to Civ.R. 12(F). In its motion to strike, the city argued that it noticed Tanno's deposition in June 2019, and that Tanno had not been informed of the deposition and failed to appear. The city stated that it sent a letter to CEI's counsel requesting to schedule a new deposition, but CEI did not respond.

{¶ 8} CEI filed an opposition to the city's motion to strike Tanno's affidavit, conceding that its counsel overlooked the email attaching Tanno's deposition notice and stating that CEI had no record of the city's letter requesting to reschedule. CEI offered potential dates to reschedule the deposition, and contended that the deposition notice was improper because it did not provide adequate time to respond, that the motion to strike did not comply with Civ.R. 37, and that the city did not suffer prejudice. The city filed a reply, arguing that it suffered prejudice and that CEI's opposition motion was untimely.

{¶ 9} On October 17, 2019, the trial court issued two judgment entries: one judgment entry denied the city's motion to strike Tanno's affidavit, and the other

judgment entry denied the city's motion for summary judgment with an attached opinion. The opinion states in part that "there are a number of questions of material fact pertaining to the negligence analysis," including, "whether the shovels [the city's] crew used to dig into the tree lawn created or caused the alleged damage; whether the crew chipping away at the over-poured cement caused or created the damage; whether and to what extent the crew owed a duty to [CEI]; and whether the crew breached that duty." The trial court also found that this "case involves a standard of care that is not a matter of common knowledge" and that the city "has not provided the [c]ourt with any evidence from which to infer that the [c]ity deployed the standard of care appropriate to the situation."

{¶ 10} The city timely appeals the trial court's October 17, 2019 judgment entry denying its motion for summary judgment.[1]

## II. Law and Analysis

{¶ 11} The city argues in its sole assignment of error that the trial court erred in denying its motion for summary judgment. It maintains that it is immune from CEI's negligence claim because it is a political subdivision, and no exceptions to this immunity apply. The city relies on Pottinger's affidavit that neither Pottinger nor any member of his crew struck or penetrated any underground electrical line or duct during the excavation. The city contends that CEI's attempt to counter this evidence was insufficient to create a genuine factual issue because Tanno's affidavit presented

---

[1] The trial court's October 17, 2019 judgment entry denying the city's motion to strike Tanno's affidavit is not at issue in this appeal.

only an inference of negligence without direct evidence. The city maintains that this inference ignores that the duct and cable could have been damaged before the city started excavating or that an unknown third party could have caused the damage. The city relies on *Wise v. Timmons*, 64 Ohio St.3d 113, 592 N.E.2d 840 (1992), and *Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 406 N.E.2d 1385 (1980), for the propositions that negligence cannot be "presumed from the mere fact of an accident and resulting injury" and that res ipsa loquitur is not an independent ground for recovery.

{¶ 12} CEI argues that the city is not immune from CEI's claim as a matter of law because there are genuine issues of material fact as to whether the city's conduct falls under R.C. 2744.02(B)(2)'s immunity exception: negligent performance of a proprietary function. CEI maintains that the city did not present evidence that it satisfied the duty of care for excavators. CEI further contends that Tanno's affidavit conflicts with Pottinger's affidavit, and the trial court correctly determined that it should not resolve this factual dispute on summary judgment.

{¶ 13} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997). Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine:

(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶ 14} Civ.R. 56(C) also provides an exclusive list of materials that parties may use to support a motion for summary judgment:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 15} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶ 16} To determine whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744, Ohio courts conduct a three-tiered analysis:

The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B) * * *.

> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. * * *
>
> If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

*Lyons v. Teamhealth Midwest Cleveland*, 8th Dist. Cuyahoga No. 96336, 2011-Ohio-5501, ¶ 23-25.

{¶ 17} As to the first tier, as set forth in R.C. 2744.02(A)(1), the general rule in Ohio is that political subdivisions are not liable for damages in civil actions:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶ 18} The parties agree that the city is a political subdivision pursuant to R.C. 2744.01(F). Therefore, the city is generally immune from liability for tort claims unless one of the five exceptions in R.C. 2744.02(B) applies.

{¶ 19} CEI argues that the second exception in R.C. 2744.02(B) applies here: the negligent performance of proprietary functions. R.C. 2744.02(B)(2). "[B]efore R.C. 2744.02(B)(2) will remove a political subdivision's immunity, the plaintiff must establish: (1) the elements required to sustain a negligence action — duty, breach, proximate cause, and damages; and (2) that the negligence arose out of a 'proprietary function.'" *Pierce v. Gallipolis*, 2015-Ohio-2995, 39 N.E.3d 858, ¶ 20

(4th Dist.). "Proprietary functions" include "[t]he establishment, maintenance, and operation of * * * a municipal corporation water supply system[.]" R.C. 2744.01(G)(2)(c). The parties agree that the city's excavation on November 8, 2017, was to maintain its municipal water supply system and was a proprietary function as defined in R.C. 2744.01(G)(2)(c). Thus, the issue here is whether there are genuine issues of material fact regarding the elements required to sustain a negligence action or whether the city is entitled to immunity as a matter of law.

{¶ 20} We find that genuine issues of material fact exist regarding whether the city breached its duty to CEI. The city had a duty to inform itself of existing utility lines before excavating: "'In Ohio, a nondelegable duty is imposed upon an excavator to inform himself as to whether utility lines exist below ground so that he may avoid damaging them.'" *Ohio Bell Tel. Co. v. Kassouf Co.*, 2015-Ohio-3030, 37 N.E.3d 174, ¶ 14 (8th Dist.), quoting *N.E. Ohio Natural Gas Corp. v. Stout Excavating*, 156 Ohio App.3d 144, 2004-Ohio-600, 804 N.E.2d 1040, ¶ 7 (9th Dist.). Pottinger's affidavit in support of the city's motion for summary judgment does not state whether the city investigated to learn what utility lines existed below ground *before* he and his crew began to excavate at 10531 Bryant Avenue. By Pottinger's own admission, he called his dispatcher to learn whether the electrical line that "blew" was the city's or CEI's only after the damage. Factual questions therefore remain whether the city breached its duty to inform itself of existing utility lines. The city is therefore not entitled to judgment as a matter of law that it is immune from CEI's claim.

{¶ 21} Although the factual issue regarding breach is dispositive of the city's motion for summary judgment, there is also a genuine dispute of material fact as to whether the city's digging into the tree lawn or "chipping away" at the cement proximately caused $38,061.85 worth of damage to CEI's equipment. The city and CEI submit contradictory affidavits, the city presenting direct evidence, and CEI relying on circumstantial evidence. Pottinger averred that "[a]t no point did I or any of my crew physically strike or penetrate any underground electric line or duct" during the excavation. However, Tanno implied that he is an expert in evaluating damage to CEI's equipment and raised an inference that the city's "chipping away" at the concrete damaged CEI's equipment. On a motion for summary judgment, we do not weigh the credibility of the evidence. *Knox v. Hetrick*, 8th Dist. Cuyahoga No. 91102, 2009-Ohio-1359, ¶ 47. The factual issue must be decided by the trier of fact. *Id.*

{¶ 22} We disagree with the city's argument that the inference raised by Tanno's affidavit is insufficient to create a factual issue. Circumstantial evidence and direct evidence have the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. "The law does not require every fact and circumstance which makes up a case of negligence to be proved by direct and positive evidence[.]" *McComis v. Baker*, 40 Ohio App.2d 332, 336, 319 N.E.2d 391 (2d Dist.1974). Furthermore, on a motion for summary judgment, a reasonable inference based on established facts is sufficient to present a genuine issue of material fact. *Hampton v. Trimble*, 101 Ohio App.3d 282, 287,

655 N.E.2d 432 (2d Dist.1995). We must construe all inferences in the light most favorable to the party opposing the motion — here, CEI. *Thomas v. Univ. Hosps. of Cleveland*, 8th Dist. Cuyahoga No. 90550, 2008-Ohio-6471, ¶ 22. The city's argument that the damage could have existed before the city's work or that an unknown third party could have caused the damage both disregards our mandate to construe inferences in the light most favorable to CEI and highlights that factual questions still exist regarding who damaged CEI's equipment, and how.

{¶ 23} The city's reliance on *Wise*, 64 Ohio St.3d 113, 592 N.E.2d 840, and *Jennings Buick*, 63 Ohio St.2d 167, 406 N.E.2d 1385, is misplaced. In *Wise*, the Ohio Supreme Court found that the trial court erred in granting the plaintiff's motion for directed verdict on his negligence claim where the only evidence was the occurrence of a car accident. *Wise* at 115. The court reasoned that the evidence was insufficient to establish negligence as a matter of law, but the facts "permit an inference of negligence," and the question should be resolved by a jury. *Id.* at 116. The court further held that although res ipsa loquitur, an evidentiary rule that allows a jury to draw an inference of negligence from circumstantial evidence, could not be used to support a directed verdict, a jury may use the rule to infer negligence. *Id.* at 117. Additionally, the fact that res ipsa loquitur is not an independent ground for recovery is irrelevant to our analysis of whether CEI raises a genuine issue of fact. In *Jennings Buick*, the Ohio Supreme Court explained that res ipsa loquitur does not need to be plead in a complaint, but rather, "it is merely a method of proving the

defendant's negligence through the use of circumstantial evidence." *Jennings Buick* at 170. CEI's circumstantial evidence is thus proper to consider.

**{¶ 24}** We find that there are genuine issues of material fact as to (1) whether the city breached its duty to inform itself of existing utility lines before excavating and (2) whether the city's digging into the tree lawn or "chipping away" at the cement caused the damage to CEI's equipment. Reasonable minds can come to more than one conclusion as to whether the city is immune from CEI's negligence claim, and the city is not entitled to a judgment of immunity as a matter of law. We therefore overrule the city's sole assignment of error.

**{¶ 25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR