THE STATE, EX REL. BAKER, *v.* TOLEDO STATE HOSPITAL ET AL.

(No. 4445—Decided February 27, 1950.)

*Mr. Henry Black,* for relator.

*Mr. Herbert S. Duffy,* attorney general, and *Mr. Joseph F. Ford,* for respondents.

Fess, J.  Relator brings her action in mandamus originally in this court against the Toledo State Hospital and its superintendent.  She alleges, in substance, that she was employed as a civil service employee of the state of Ohio as an attendant in the hospital; that as of June 1, 1949, she was discharged by the superintendent for ''abuse of a patient and improper judgment''; and that, upon appeal to the Civil Service Commission of Ohio, and hearing thereon, the order of removal was affirmed on December 7, 1949. She alleges also that her discharge was contrary to Section 486-17*a*, General Code; that it was insufficient in law and in fact; that it denied her due process of law, equal protection of the laws, and her right to defend her life and herself from bodily harm; and that the superintendent committed a gross abuse of discretion.  She prays that a writ be issued for reinstatement, and for other relief.  Upon the filing of her verified petition, a judge of this court issued an alternative writ.

Under special appearance, the Attorney General ''moves to quash notice and summons, and the service and return thereof, for the reason that the relator herein has already been afforded a proper legal remedy.''  It will be noted that the motion is to quash the summons, service and return thereof and not to quash the alternative writ.

In jurisdictions outside Ohio, an alternative writ of mandamus may be attacked by a motion to quash or

dismiss. Such a motion is in the nature of a demurrer. In Ohio, a motion to quash service is ordinarily employed to attack the jurisdiction of the person of a party by reason of some defect in the process. A motion to quash service may be used also to attack the jurisdiction of the tribunal over the person of a party regularly served (*Loftus* v. *Pennsylvania Rd. Co.,* 107 Ohio St., 352, 140 N. E., 94), but the motion may not be employed to attack the jurisdiction of a court over the subject matter of an action. Jurisdiction is power to hear and determine a controversy, and is complete when both the subject matter of the controversy and the parties to it are properly before the court. In determining whether a given subject matter is within the jurisdiction of a court, regard to the parties is not involved. *Handy* v. *Insurance Co.,* 37 Ohio St., 366, 370. The motion to quash the service in the instant case does not raise any question as to the regularity of the service but seeks to have the service quashed because the petition fails to state a cause of action.

Section 12292, General Code, provides that on the return day of an alternative writ the defendant may answer as in a civil action, or, if the writ be allowed by a single judge, he may demur. If there be any irregularity in the service, this section would not preclude a motion to quash service, but it makes no provision for a motion to quash the writ.

The motion to quash service will therefore be overruled, with leave to the respondents to answer or demur.

*Motion overruled.*

CONN and CARPENTER, JJ., concur.