This is an appeal from a judgment of the Kettering Municipal Court denying a motion to void a judgment made pursuant to Civ. R. 60(B) and pursuant to the trial court's inherent power to void a judgment for lack of personal or subject-matter jurisdiction. The defendant-appellant, Magic Castle, contends that the trial court lacked both personal and subject-matter jurisdiction when it rendered its original judgment. Magic Castle also contends that the Kettering Municipal Court was not the correct venue.
We conclude that venue does lie in the Kettering Municipal Court. We further conclude that the court had both subject-matter jurisdiction as well as personal jurisdiction. Accordingly, the judgment of the trial court isAffirmed.
 I
The briefs of both parties fail to comply with App.R. 19 as to form. Specifically, they are single-spaced. Counsel are hereby admonished to comply with the appellate rules in the future.
Plaintiff-appellee Buckeye Lawn and Landscaping filed its complaint in the Municipal Court of Kettering, Ohio. The complaint alleged that the defendant-appellant, Magic Castle, owed Buckeye the sum of $2,762.52 in payment for landscaping services provided by Buckeye between August and September of 1995. Service was completed, and Magic Castle failed to file an answer. Thereafter, Buckeye filed a motion for default judgment, which was granted.
Buckeye obtained a Certificate of Judgment, which it filed with the Xenia Municipal Court. The bailiff of the Xenia Municipal Court executed and levied against Magic Castle. A Satisfaction of Judgment was entered on January 13, 1998, and the action was dismissed.
In March, 1998, Magic Castle filed a "Motion For Relief From Judgment/Motion to Void Judgment," which the trial court denied. Magic Castle appeals from the denial of this motion.
 II
Magic Castle asserts the following Assignments of Error:
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING MAGIC CASTLE'S MOTION FOR RELIEF FROM JUDGMENT
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING MAGIC CASTLE'S MOTION TO VOID THE JUDGMENT
Magic Castle contends that the trial court abused its discretion by denying its motion for relief from judgment. Although the arguments advanced by Magic Castle are confusing, they may be distilled into the following propositions: the default judgment entered by the Kettering Municipal Court is void because it lacked personal jurisdiction over Magic Castle; it lacked subject-matter jurisdiction; and finally, it was not the appropriate venue.
We begin our analysis with the issue of proper venue. Magic Castle argues that venue does not lie in the Kettering Municipal Court. In support, Magic Castle claims that "a precedent has been set by this Court regarding" venue in the case of BGI Forms Corporation v. Sugar Creek Golf Course, dba,Rollandia, Case No. 97-CVF-343. First, we must note that this court did not decide the BGI case. Instead, it appears to be an unreported case decided by the Kettering Municipal Court. Thus, the case is not binding "precedent" in this court. Our review of that case is limited to a judgment entry, attached to the Magic Castle's appellate brief. Even had this court issued theBGI judgment, we would not find it dispositive, since the judgment does not reveal any facts which would make it relevant to this case other than that it reveals that the Kettering Municipal Court granted the defendant's motion for a change of venue based upon the fact that the defendant was located in Greene County. The opinion does not inform us whether the plaintiff was also located in Greene County or where the cause of action arose.
"Venue is proper when the plaintiff chooses a court located in a county described in any of the nine provisions set forth in Civ. R. 3(B)(1)-(9)."[1] Kniess v. Bob Roark Floor Coverings
(Nov. 29, 1996), Montgomery App. No. 96-CA-23, unreported. Pursuant to Civ. R. 3(B)(6), "proper venue lies in 'the [territory] in which all or part of the claim for relief arose.' " Id. "In an action alleging breach of contract, the cause of action arises where the breach took place." Id. "* * * [T]he refusal to pay money due on a contract results in a breach of that contract at the place where the money was to be paid and [ ] absent an express agreement to the contrary, proper venue is presumed to lie in the county in which the payee's place of business is located." Id.
In this case, Magic Castle admits, in its appellate brief, that the parties entered into a contract whereby Buckeye was to perform landscaping services at the Magic Castle. "The basis alleged by [Buckeye] for [its] breach of contract action was [Magic Castle's] failure to tender payment for [landscaping services] performed by [Buckeye] pursuant to a contract between them." See, Kniess, supra. "While no evidence was presented which demonstrates where that payment was to be tendered, * * * the invoice for the balance due on the original contract * * * bears [Buckeye's] business address in [Centerville]." Id. "The trial court could reasonably conclude from that evidence that payments was to be made in [Centerville]." Id. Therefore, proper venue existed in the Kettering Municipal Court, where Buckeye's claim for relief arose.
We now turn our attention to the question of jurisdiction. "A municipal court, being a creature of statute, has no jurisdiction except that granted by statute." State v. Human
(1978), 56 Ohio Misc. 5, 9. The statutory guidelines for jurisdiction in municipal courts can be found at R.C. 1901.02
(territorial jurisdiction), R.C. 1901.17 (monetary jurisdiction)[2], and R.C. 1901.18 (subject-matter jurisdiction). In addition, R.C. 1901.19 defines the jurisdictional powers of municipal courts.[3]
R.C. 1901.02(A) defines the territorial jurisdiction of municipal courts as "the corporate limits of their respective municipal corporations." Additionally, R.C. 1901.02(B) provides that the Kettering Municipal Court also "has jurisdiction within the municipal corporations of Centerville and Moraine, and within Washington township, in Montgomery county." Further, R.C. 1901.19(A)(4) provides that a municipal court has jurisdiction within its territory * * * in any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or any of the defendants resides or is served with summons within the territory." Finally, R.C. 1901.18(A)(3) provides that a municipal court has "* * * original jurisdiction within its territory in * * * any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract."
In this case, the cause of action arises from a breach of contract due to the failure to make payment pursuant to the contract. The cause of action arose in Centerville. SeeKniess, supra. The plaintiff is located in Centerville, which is within the limits of the Kettering Municipal Court's territorial jurisdiction. Therefore, the subject matter of this action arose within the territorial limits of the Kettering Municipal Court. Accordingly, we are persuaded that the trial court properly exercised jurisdiction over this matter.
However, even if a court has subject-matter jurisdiction, its jurisdiction is not complete until it also has personal jurisdiction over the parties. State ex rel. Baker v. ToledoState Hospital (1951) 88 Ohio App. 345, 347. "In order to be subject to the in personam jurisdiction of a court, a person must have been served with process, entered an appearance in the action, or affirmatively waived service." 22 Ohio Jur.3d (1998), Courts and judges, Section 250. "* * * [P]rocess in a municipal court shall be served, returned, and publication made in the manner provided for service, return, and publication of summons, writs, and process in the court of common pleas." R.C.1901.23. The Rules of Civil Procedure provided that service may be made by certified mail. Civ. R. 4.1(A).
In this case, Magic Castle does not contend that it was not properly served or that it had no notice of the pending action. The record reveals that summons was properly issued, served by certified mail, return receipt signed. Accordingly, we find that Magic Castle was properly served with process, and that the trial court, therefore, had personal jurisdiction.
Because the Kettering Municipal Court had both subject-matter jurisdiction and personal jurisdiction, and appropriate venue, we find that the trial court did not err in exercising jurisdiction in this case. Therefore, we conclude that the trial court did not err in overruling Magic Castle's motions to vacate and void the judgment. Magic Castle's Assignments of Error are overruled.
 III
Magic Castle's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Steven C. Katchman Anthony W. Sullivan Hon. Robert Moore
[1] When applying Civ. R. 3(B) to municipal courts, the phrase county "shall be construed, where appropriate, as the territorial limits of those courts."
[2] There is no dispute regarding the monetary jurisdiction of the Kettering Municipal Court in this case.
[3] All references to R.C. 1901.19 will be to the version of that statute in effect May 21, 1997, the date the municipal court granted default judgment in this case.