**[Cite as *State v. Gaston*, 197 Ohio App.3d 501, 2011-Ohio-6317.]**

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

The STATE of Ohio,  :

       Appellant,                    :         C.A. CASE NO. 11CA0012

v.                               :         T.C. CASE NO. 10CR0501

GASTON,                  :         (Criminal Appeal from
                                            Common Pleas Court)

       Appellee.               :

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2011.

. . . . . . . . .

Andrew Wilson, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellant.

John Vogel, for appellee.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} This appeal is brought by the state of Ohio pursuant to R.C. 2945.67 from a final order dismissing an indictment.

{¶ 2} On August 9, 2010, the grand jury returned an indictment in case No. 10CR0501 containing the following felony charge:

{¶ 3} "That between March 19, 2010, and July 29, 2010, at Clark County, Ohio, Karl Gaston, being a person required to notify a sheriff of a change of address pursuant to Ohio Revised Code Section 2950.05(A), did fail to notify the appropriate sheriff in accordance with that division in violation of Section 2950.05(F) of the Ohio Revised Code.

{¶ 4} "Specification One: The Grand Jurors further find and specify that the sexually oriented offense that was the basis of the change of address notification requirement was unlawful sexual conduct with a minor, a felony of the fourth degree, arising from a conviction in Clark County Common Pleas Case No. 06-CR-334."

{¶ 5} On January 26, 2011, the state filed the following bill of particulars:

{¶ 6} "That between March 19, 2010 and July 29, 2010, the Defendant Karl Gaston failed to report to the Clark County Sheriff's Office his change of address. Attempts were made to locate the defendant by Clark County Sheriff's Deputies as well as the Adult Parole Authority. It was determined that he was *not living at his registered offense*. The defendant was required to register from a conviction in Clark County Common Pleas Case No. 06-CR-334 for unlawful sexual conduct with a minor a felony of the Fourth Degree." (Emphasis added.)

{¶ 7} On the morning his trial was scheduled to begin, February 11, 2011, defendant filed a motion to dismiss the case against him, contending that "the indictment does not charge an offense and, therefore, does not invoke the jurisdiction of the court. Further, the indictment

does not set forth a mental state as required by law."

{¶ 8} The trial court granted defendant's motion and dismissed the indictment against him. The court found that the indictment is deficient because it "does not specify whether [the address to which it refers] is 'residence address,' 'school address,' 'institution of higher learning address,' or 'place of employment address.'" The court further found that the bill of particulars fails to cure the deficiency "because it stated 'address' only and did not specify 'residence address.'" Accordingly, the court dismissed the indictment for lack of jurisdiction.

{¶ 9} The state filed a timely notice of appeal from the final order dismissing the indictment.

## ASSIGNMENT OF ERROR

{¶ 10} "The trial court erred in finding that the language contained in the indictment was insufficient [sic] charge the offense of failure to register a change of address in violation of R.C. 2950.05(F)."

{¶ 11} The indictment charges that defendant failed to notify a sheriff of a change of address in violation of R.C. 2950.05(A) and (F). R.C. 2950.05(A) provides:

{¶ 12} "If an offender * * * is required to register pursuant to division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code, * * * the offender * * * shall provide notice of any change of residence, school, institution of higher education, or place of employment address, to the sheriff with whom the offender * * * most recently registered the address under division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section. * * * [T]he offender * * * shall provide the written notice at least twenty days prior to changing the address of the residence, school, or institution of higher education and not later than three days after changing the address of the place of employment."

{¶ 13} R.C. 2950.05(F)(1) provides:

{¶ 14} "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶ 15} The trial court adopted defendant's argument and dismissed the indictment for lack of jurisdiction, on a finding that the defect in the indictment that the court identified resulted in a failure to charge a criminal offense. The state argues that the trial court erred, relying on *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707. The question in *Buehner* was whether an omission in an indictment deprived the defendant of notice of the charge against him that due process of law requires, not whether the omission deprived the court of jurisdiction for failure to charge a criminal offense. Defendant's motion to dismiss the indictment argued a lack of jurisdiction, not a due-process defect. The trial court dismissed for lack of jurisdiction. Therefore, we confine our consideration of the error assigned to the issue of jurisdiction.

{¶ 16} "Jurisdiction" means the court's statutory and constitutional power to adjudicate a case. *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202. Jurisdiction is complete when the subject matter of an action and the parties to an action are properly before the court. *State ex rel. Baker v. Toledo State Hosp.* (1951), 88 Ohio App. 345.

{¶ 17} Defendant was arrested on a warrant issued on the indictment and, following his arraignment, was properly before the court. The courts of common pleas have such subject-matter jurisdiction as is provided by law. Section 4(B), Article III, Ohio Constitution. The court of common pleas has general jurisdiction over all crimes and offenses, except in cases

of minor misdemeanors.   R.C. 2931.03.   An indictment is sufficient to charge an offense if it charges an offense in the words of the statute concerned.   Crim.R. 7(B).

{¶ 18} The trial court reasoned that the indictment fails to charge a violation of R.C. 2950.05(F), which prohibits a failure to comply with the notification duty that R.C. 2950.05(A) imposes, because the indictment does not specify which of the classes of addresses in R.C. 2950.05(A) defendant's failure to notify involved.

{¶ 19} R.C. 2950.05(A) creates no criminal liability for a failure to perform the duty that section imposes.   Criminal liability is instead imposed by R.C. 2950.05(F).   It was sufficient to create jurisdiction in the court of common pleas pursuant to R.C. 2931.03 that the indictment charged a violation of R.C. 2950.05(F) in the terms of that section, which refers to R.C. 2950.05(A) by section number and not with respect to any of the four particular classes of address in R.C. 2950.05(A) that an accused's failure to notify involved.   The indictment satisfied that requirement.   Therefore, the court did not lack jurisdiction to determine the charges against defendant that the indictment alleged.

{¶ 20} The assignment of error is sustained.   The judgment of the trial court will be reversed and the case will be remanded for further proceedings.

Judgment reversed

and cause remanded.

DONOVAN and HALL, JJ., concur.