[Cite as *State v. Gaston*, 2011-Ohio-6702.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellant         :    C.A. CASE NO. 11CA0011

vs.                              :    T.C. CASE NO. 10CR0684

KARL GASTON                      :    (Criminal Appeal from
                                      Common Pleas Court

    Defendant-Appellee          :

. . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

Andrew Wilson, Pros. Attorney; Andrew R. Picek, Atty. Reg. No. 0082121, Asst. Pros. Attorney, P.O. Box 1608, Springfield, Ohio 45501
    Attorneys for Plaintiff-Appellant

John Vogel, Atty. Reg. No. 0071169, 35 East Gay Street, Suite 212, Columbus, OH 43215
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is brought by the State of Ohio pursuant to R.C. 2945.67 from a final order dismissing an indictment.

{¶ 2} Defendant was charged by indictment in Case No. 10CR501 with a violation of R.C. 2950.05(F). That section prohibits

registered sex offender from failing to notify the sheriff of a change in any of the classes of address in R.C. 2950.05(A) which the offender has registered with the sheriff. Defendant was released on his own recognizance, on condition that he appear for all proceedings in that case.

{¶ 3} Defendant failed to appear at a pretrial hearing scheduled for September 30, 2010. He was indicted in Case No. 10CR0684 for violation of R.C. 2937.29 and 2937.99, by recklessly failing to appear in court as was required by a condition of his recognizance bond.

{¶ 4} The trial court subsequently dismissed the failure to notify charge in Case No. 10CR501, finding that the indictment in that case was insufficient to invoke the court's jurisdiction. Defendant then moved to dismiss the indictment in the present case charging the failure to appear offense. The trial court granted Defendant's motion, finding that "an indictment or conviction for failure to appear cannot legally stand where the Court never had jurisdiction in the underlying case in which the defendant allegedly failed to appear."

{¶ 5} The State appealed the order of dismissal.

ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED IN DISMISSING AN INDICTMENT FOR FAILURE TO APPEAR BECAUSE IT LACKED JURISDICTION ON THE UNDERLYING

CHARGE."

{¶ 7} The State also filed a notice of appeal from the trial court's order in Case No. 10CR501 dismissing the indictment alleging a failure to notify for lack of jurisdiction. We reversed that order, finding that an omission in the indictment which the trial court found did not deprive the court of jurisdiction. *State v. Gaston*, Clark App. No. 11CA0012, 2011-Ohio-6317. That holding necessarily nullifies the basis on which the court dismissed the indictment charging a failure to appear violation in the present case.

{¶ 8} The assignment of error is sustained. The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this opinion.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Andrew R. Picek, Esq.
John Vogel, Esq.
Hon. Douglas M. Rastatter