[Cite as *Vectren Energy Delivery of Ohio, Inc. v. Huber*, 2013-Ohio-4069.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| VECTREN ENERGY DELIVERY OF OHIO, INC. | : | |
| | : | Appellate Case No. 25635 |
| Plaintiff-Appellee | : | Trial Court Case No. 12-CVE-1216 |
| | : | |
| v. | : | |
| | : | |
| JOHN HUBER | : | (Civil Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of September, 2013.

. . . . . . . . . . .

AMANDA RASBACH YURECHKO, Atty. Reg. #0072458, Lakeside Place, Suite 200, 323 West Lakeside Avenue, Cleveland, Ohio 44113
    Attorney for Plaintiff-Appellee

JOHN HUBER, 259 Lorenz Avenue, Dayton, Ohio 45417
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    John Huber appeals pro se from the Dayton Municipal Court's entry of summary judgment for Vectren Energy Delivery of Ohio, Inc., on its negligence claim against him. We

affirm.

## FACTS

**{¶ 2}** In April 2011, Huber used a mini backhoe to excavate under the sidewalk that ran along the Oakridge Dr. side of his home at 259 Lorenz Avenue in Dayton, Ohio. He was trying to uncover the sewer line running to his house. The backhoe's bucket caught on one of Vectren's underground gas pipes and ruptured it. Vectren repaired the pipe and sent Huber the bill, totaling $2,392.78. When Huber wouldn't pay, Vectren filed a negligence action against him, claiming the billed repair costs as damages.

**{¶ 3}** Huber represented himself in the action. He moved to dismiss, arguing that the municipal court did not have jurisdiction over his residential property, but the court overruled the motion. Vectren moved for summary judgment, attaching to its motion Huber's responses to interrogatories and a copy of the repair bill, along with an affidavit supporting it. Huber opposed, attaching to his motion his own affidavit as well as affidavits from friends and neighbors. The court sustained Vectren's motion, concluding that, before excavating, Huber negligently failed to contact the Ohio Utility Protection Service (OUPS) to obtain locates for any underground utilities: "the Court finds that the Defendant did not verify the location of the gas line by contacting the Ohio Utility Protection Service (OUPS), and was not authorized by OUPS to excavate and did excavate without informing himself where the Plaintiff's line was located." The court also concluded that it was solely because Huber had failed to contact OUPS that Vectren's gas pipe was damaged. The court entered judgment for Vectren in the amount of the billed repair costs.

**{¶ 4}** Huber appealed.

## ANALYSIS

{¶ 5}    Huber assigns two errors to the municipal court. The first challenges the court's jurisdiction over his residential property. And the second challenges the court's entry of summary judgment.

### Jurisdiction Over Huber's Residential Property

{¶ 6}    The first assignment of error alleges that "[t]he trial court committed an error of judgment by allowing dual jurisdiction with Ohio (A) and the United States (B)." Huber's argument is based on R.C. Chapter 159, specifically R.C. 159.03 and 159.04, which contains provisions that allow the United States to acquire land in Ohio and cede exclusive jurisdiction to the United States over the acquired land. *Dynamics Land Sys., Inc. v. Tracy*, 83 Ohio St.3d 500, 502-503, 700 N.E.2d 1242 (1998). Huber seems to contend that the United States "acquired" 259 Lorenz Avenue through the federal tax liens and the restitution lien it has filed against his property.[1] The United States' exclusive jurisdiction precludes, Huber contends, the municipal court from exercising jurisdiction over 259 Lorenz Avenue.

{¶ 7}    "'Jurisdiction' means the court's statutory and constitutional power to adjudicate a case. Jurisdiction is complete when the subject matter of an action and the parties to an action are properly before the court." (Citations omitted.) *State v. Gaston*, 197 Ohio App.3d 501,

[1] Attached to Huber's motion to dismiss is a notice of federal tax lien showing that liens were placed on Huber's property in the mid-1990s totaling $7,198.09. Also attached is a notice of restitution lien for $154,384. The lien is the result of Huber's 2004 conviction in federal district court for conspiracy to defraud the United States. And the information attached to the dismissal motion charges Huber with this offense, a violation of 18 U.S.C. 371, for failing to file income tax returns and for using others to shelter income and to pay personal expenses. Sentencing minutes attached to the dismissal motion state that, as part of his sentence, Huber was ordered to pay restitution of $154,384.

2011-Ohio-6317, 968 N.E.2d 24, ¶ 16 (2d Dist.). The subject matter of an action depends on whether the action is in rem or in personam. "'Actions in rem are usually defined as proceedings against property itself, or as is said, directed primarily against things themselves. Actions in personam are proceedings directed against the person to recover personal judgments.'" *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 43 (10th Dist.), quoting *Moss v. Std. Drug Co.*, 159 Ohio St. 464, 470, 112 N.E.2d 542 (1953).

{¶ 8}   For subject matter jurisdiction to exist in an in rem action the court must have jurisdiction over the property that is the object of the action. *In re Guardianship of Richardson*, 172 Ohio App.3d 410, 2007-Ohio-3462, 875 N.E.2d 129, ¶ 44 (2d Dist.), *rev'd in part*, 120 Ohio St.3d 438, 2008-Ohio-6696, 900 N.E.2d 174. But Vectren's action against Huber in this case is not in rem; it is in personam. The allegations in the complaint and the municipal court's judgment are both directed against Huber and his damage to Vectren's gas line, not against his property. This is true even if the judgment in this case eventually becomes an additional lien on the land. Therefore whether the municipal court has jurisdiction over the land at 259 Lorenz Avenue is of no consequence. *Compare Petro* at ¶ 43 (concluding that because the allegations in the complaint were directed at defendant's conduct and not its assets the concept of in rem jurisdiction was irrelevant in the case).

{¶ 9}   The first assignment of error is overruled.

**Summary Judgment**

{¶ 10}   The second assignment of error alleges that the municipal court erred by rendering summary judgment for Vectren. We review de novo the rendering of summary

judgment. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate if it is shown (1) that no genuine issue exists as to any material fact; (2) that the moving party is entitled to judgment as a matter of law, and (3) that, construing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, a reasonable mind can come to only one conclusion, and the conclusion is adverse to that party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the nonmoving party must show, by affidavit or other Civ.R. 56(C) evidence, that a genuine issue as to a material fact exists for trial. Civ.R. 56(E). "A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise, with specific facts to show that a genuine issue exists for trial." *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 6, fn. 2, citing *Dresher* at 293.

{¶ 11} To recover on a negligence claim, a plaintiff must prove (1) that a legal duty exists, (2) that the defendant breached that duty, and (3) that the breach proximately caused (4) the plaintiff's injury. *See Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. The common law imposes an affirmative and nondelegable duty on a person excavating underground to inform himself about any underground utilities in the excavation site so that he can avoid damaging them. *See Boyd v. Moore*, 184 Ohio

App.3d 16, 2009-Ohio-5039, 919 N.E.2d 283, ¶ 14 (2d Dist.); *GTE N., Inc. v. Carr*, 84 Ohio App.3d 776, 779, 618 N.E.2d 249 (4th Dist.1993). The Revised Code contains a scheme, in R.C. 3781.25 et seq., that "seeks to prevent damage to underground utilities in order to prevent potential injuries and to protect a variety of interests [including] the utility owners' interest in preventing damage to their equipment * * *." *Boyd* at ¶ 23. We have held that this scheme imposes the common-law duty on an excavator. *Id.* at ¶ 24. The provision in former R.C. 3781.28(A)[2] requires that at least 48 hours but not more than 10 days before excavating an excavator notify the Ohio Utilities Protection Service ("OUPS") of the location of the excavation site and the date on which excavation will begin. *Northeast Ohio Natural Gas Corp. v. Stout Excavating, Inc.*, 156 Ohio App.3d 144, 2004-Ohio-600, 804 N.E.2d 1040, ¶ 8 (9th Dist.). This allows OUPS to notify the owner of any underground utility at the excavation site, *see* former R.C. 3781.28(B), so that the utility owner can mark at the site the location of its underground utility, *see* former R.C. 3781.29.

{¶ 12} It is undisputed both that Huber never notified OUPS and that he damaged the gas line. Vectren's bill states: "1.25" STEEL SERVICE SEVERED BY MINI BACKHOE. DID NOT REQUEST LOCATES"; Huber does not assert that he did request locates. Furthermore, Huber admits that he damaged the gas pipe. In his answer, Huber states: "I called Vectren because the gas line was broken by excavating * * *." (Answer, ¶ 2Aii); "I told them that 'I accidental[ly] cut the gas line' * * *." (Answer, ¶ 3-4A). And in response to an interrogatory Huber said that "[a]fter the sidewalk was moved, the gas line was broken by the back-hoe." (Response to Interrogatory No. 6). Plainly, Huber breached his duty to inform himself about any

---

[2] R.C. 3781.25 et seq. was amended on March 27, 2013, after and unrelated to the events in this case.

underground utilities in the area he excavated and his breach damaged Vectren's property. On the first three negligence elements, then, no genuine issue of material fact exists.

{¶ 13} The only material fact that Huber really disputes is the amount of Vectren's damages. Vectren's bill breaks down the cost to repair and reconstruct the damaged gas pipe this way:

| | |
|---|---|
| Material: | $164.10 |
| Company Labor: | $2,014.89 |
| Contract Labor: | $0.00 |
| Transportation/Equipment: | $205.48 |
| Misc. | $0.00 |
| Gas Loss: | $8.31 |
| Adjustments: | $0.00 |
| Payments: | $0.00 |
| Total: | $2,392.78 |

Several of the affidavits that Huber attached to his opposition, including his own affidavit, dispute these costs. They aver what the repair should have cost, how long it should have taken to complete the repair, how the repair should have been made, and what materials should have been used.

{¶ 14} Opposing affidavits must be "made on personal knowledge," must "set forth facts as would be admissible in evidence," and must "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). None of Huber's affidavits were

made by people with sufficient personal knowledge to make admissible statements on the issue of repair costs. It is not demonstrated that any of them, including Huber, has the requisite personal knowledge on such things as the nature and extent of the damage to the gas pipe, what was required to repair the pipe, how the pipe was repaired, and how long it took to complete the repairs. The averments are in effect denials of Vectren's claimed costs, and mere denials are not enough to avoid summary judgment, *see* Civ.R. 56(E). Huber's affidavits do not create a genuine issue as to damages.

{¶ 15}   Vectren has shown that no genuine issue of material fact exists on its negligence claim. And Huber has failed to set forth specific facts showing that a genuine issue of material fact remains for trial. A reasonable mind, construing the evidence most strongly in Huber's favor, could conclude only that Huber was negligent and caused Vectren to incur damages of $2,392.78. Vectren is entitled to judgment as a matter of law.

{¶ 16}   The second assignment of error is overruled.

{¶ 17}   The municipal court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and CELEBREZZE, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Amanda Rasbach Yurechko
John Huber
Hon. John S. Pickrel